**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JESSICA NAVARRO,**

    **Plaintiff,**

v.                                     **Cause No. 1:21-cv-01002**

**HENRY PETE BILANO and
CRETIC ENERGY SERVICES, LLC,**

    **Defendants.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C §§ 1332, 1441, and 1446, Defendant Forbes Energy Services, LLC improperly named as Cretic Energy Services, LLC ("Defendant") removes the above-captioned action from the Fifth Judicial District Court for the State of New Mexico, County of Lea, to the United States District Court for the District of New Mexico, and as grounds therefore states as follows:

### GROUNDS FOR REMOVAL – DIVERSITY

1. On September 13, 2021, Plaintiff Jessica Navarro ("Plaintiff") filed a civil complaint against Henry Pete Bilano and Cretic Energy Services, LLC, in the Fifth Judicial District Court for the State of New Mexico entitled *Jessica Navarro, Plaintiffs v. Henry Pete Bilano and Cretic Energy Services, L.L.C. Defendants*, Cause No. D-506-2021-00831. A true and correct copy of Plaintiff's Original Complaint is attached as Exhibit A.

2. A copy of all other process, pleadings and orders served on Defendant in the state lawsuit are attached hereto as Exhibit B. *See* 28 U.S.C. § 1446(a).

3. On September 15, 2021, Defendant was served a copy of Plaintiff's Original Complaint.

4.     Generally, this case involves Plaintiff's claims for damages stemming from alleged injuries that she purportedly sustained as a result of an auto accident that occurred in Hobbs, New Mexico.

5.     As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6.     Defendant was served a copy of Plaintiff's Original Complaint on September 15, 2021. Defendant, pursuant to 28 U.S.C. § 1446(b), timely filed its Notice of Removal [Doc. 1] on October 15, 2021. Defendant's Notice of Removal [Doc. 1] was submitted in lieu of filing an Answer in the Fifth Judicial District Court, County of Lea, State of New Mexico under the New Mexico Rules of Civil Procedure.

7.     Pursuant to 28 U.S.C. § 1445(a) and D.N.M. LR-Civ. 81.1(a), copies of all process, pleadings, orders, and other papers served upon Defendant in the state court action are attached as Exhibits A and B.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 89(c) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, and this is between citizens of different states.

10.    No previous application has been made for the relief requested herein.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon counsel for Plaintiff and a copy will be filed with the Clerk of the Court of the Fifth Judicial District Court for the State of New Mexico.

**THERE IS COMPLETE DIVERSITY OF CITIZENSHIP**

12. Defendant is a limited liability company ("LLC") with its citizenship in the State of Texas.

13. The United States Court of Appeals for the Tenth Circuit has expressly held that an LLC, as an unincorporated association, takes the citizenship of all its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419-20 (3d Cir. 2010) (identifying cases from eight circuits for the proposition that "every federal court of appeals to address the question has concluded that a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship"). In *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, the Tenth Circuit confirmed that even if the corporation-like status of LLCs under state law is unclear, the United States Supreme Court has specifically held that "only those state-created entities that are corporations, in the traditional understanding of that word, will be treated as a person for purposes of diversity jurisdiction." *Id.* (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 197, 110 S.Ct. 1015, 108 L.Ed2 157 (1990); *see also Birdson v. Westglen Endoscopy Ctr/, L.L.C.*, 176 F. Supp. 2d 1246, 1248 (D. Kan. 2001) (agreeing with the majority view in finding that an "LLC is a citizen, for purposes of diversity, of each state where its members are citizens.").

14. Defendant is currently in the process of winding down. Defendant's Sole Director and Winddown Manager is Drew McManigle. Mr. McManigle is a citizen of the state of Texas.

3

15. Upon information and belief, Plaintiff is and was at the time of the filing of Plaintiff's Original Complaint, a citizen of the State of New Mexico. *See* Exhibit A at ¶ 2.

16. Upon Information and belief, Defendant Henry Pete Bilano is a citizen of the state of Texas, *See* Exhibit A at ¶ 3.

17. Therefore, the diversity requirements of 28 U.S.C. § 1332(a) are met because there is complete diversity of citizenship between Plaintiff and Defendants.

### THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

18. To confer subject matter jurisdiction on this Court based on subject matter jurisdiction, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Where the face of the complaint is silent as to the amount of the plaintiff's damages, such jurisdictional facts must be proven by a "preponderance of the evidence." *McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008). In applying this rule to a situation in which the face of the complaint was silent as to the amount in controversy, the Tenth Circuit approved the solution offered by the Seventh Circuit in *Meridian Security Ins. Co. v. Sadowski* stating:

> [T]he removing defendant, as a proponent of federal jurisdiction, must establish what the plaintiff stands to recover. We have suggested several ways in which this may be done—by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] **by reference to the plaintiff's informal estimates or settlement demands**[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. The list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant).

*McPhail*, 529 P.3d at 954 (quoting *Meridian Security*, 441 F.3d 536, 540-41 (7th Cir. 2006) (emphasis added)). If the defendant meets its initial burden to establish, by a preponderance of the

evidence, "jurisdictional *facts* that ma[k]e it *possible* that $75,000 [i]s in play," *id*. At 955, then "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Id*. at 954 (citing *Meridian Security*, 441 F.3d at 540-43). "If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id*. Additionally, the Supreme Court of the United States of America recently clarified that a defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Graham v. Troncoso*, 2015 WL 1566433, at *6 (D.N.M. Mar. 30, 2015) (citing *Dart Cherokee Basin Operating Co. v. Owen*, 135 S.Ct. 547, 554 (2014)). The district court should consider outside evidence to find whether the amount in controversy requirement is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegations." *Id*.

19. On May 4, 2021, Plaintiff demanded that Defendant settle this dispute for an amount in excess of $75,000.00. To protect the confidentiality of the settlement demand and the privacy of Plaintiff's medical records, Defendant is not attaching the settlement demand packet to this Notice of Removal. Defendant states that the demand was for policy limits which are in excess of this Court's jurisdictional limit. Additionally, Defendant can represent to this Court that the amount of medical bills claimed by Plaintiff are in excess of $28,000.00. Additionally, Plaintiff has made a claim for lost wages and permanent injuries. *See* Exhibit A at ¶ 12. If the Court wishes to review Plaintiff's medical records in Defendant's possession, Defendant can provide copies.

20. While Defendant disputes the value Plaintiff attaches to her claims and disputes that the accident at issue caused any or all of Plaintiff's claimed injuries, by Plaintiff's medical records and the allegations asserted in Plaintiff's Original Complaint, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

21. Because the amount in controversy is met here and because, as clarified above, there is complete diversity of citizenship between the parties, removal of this case to this Court is appropriate.

WHEREFORE, pursuant to 28 U.S.C. § 1441, Defendant Forbes Energy Services, LLC, improperly named as Cretic Energy Services, LLC respectfully removes this action from the Fifth Judicial District Court for the State of New Mexico, County of Lea, bearing Cause No. D-506-2021-00831, to this Court.

>Electronically submitted,
>
>ALLEN, SHEPHERD & LEWIS, P.A.
>
>By: */s/ Aaron R. Kugler*
>   Aaron R. Kugler
>   P.O. Box 94750
>   Albuquerque, NM 87199-4750
>   (505) 341-0110
>   akugler@allenlawnm.com
>   *Attorneys for Defendant Forbes Energy Services, LLC*

I HEREBY CERTIFY that on the 15th day of October, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

E. Ryne Hutcheson, Esq.
Davis W. Smith, P.C.
1220 Ave. K
Lubbock, TX 79401
ryne@gorillalawfirm.com
efile@gorillalawfirm.com
*Attorneys for Plaintiff*

*/s/ Aaron R. Kugler*
Aaron R. Kugler